Jon F. Monroy, SBN 51175
Jennifer E. Gysler, SBN 143449
MONROY, AVERBUCK & GYSLER
200 N. Westlake Blvd., Ste 204
Westlake Village, CA 91362
(818) 400-4812

Attorneys for Defendants
SHANELLE HAMLIN CSS II,
TERRIE HARDY, DIRECTOR,
LOS ANGELES CHILD SUPPORT SERVICES
LOS ANGELES COUNTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE-JAY-SMITH-BEY III,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>SHANELLE HAMLIN CSS II t al.<br><br>　　　　Defendants | Case No.: 2:23-CV-02600 ODW PDx<br><br>NOTICE OF AND MOTION TO DISMISS COMPLAINT; POINTS & AUTHORITIES; PROPOSED ORDER<br><br>DATE: June 12, 2023<br>TIME: 1:30pm<br>COURTROOM: 5D<br>[A Meet and Confer took place by phone between counsel herein and plaintiff Mr. Smith, prior to the filing of this motion] |

TO PLAINTIFF, IN PRO PER:

PLEASE TAKE NOTICE that on June 12, 2023, at 1:30pm in Courtroom 5D of the above-entitled Court, located at 350 W.1st St., Los Angeles, CA 5th Floor, Defendants SHANELLE HAMLIN CSS II, TERRIE HARDY, DIRECTOR, LOS ANGELES CHILD SUPPORT SERVICE, and LOS ANGELES COUNTY

Motion to Dismiss Complaint - 1

("County Defendants"), will move this Court for an Order dismissing the Complaint for Damages, or alternatively, to dismiss the five causes of action, (1) Conspiracy Against Rights 18 USC §241, (2) Deprivation of Rights 18 USC §242, (3) False or misleading representations 15 USC §1692e, (4) Torts (fraud and deceit), (5) Torts (abuse of process), pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6).  This motion is made on the grounds that Plaintiff's Complaint fails to state facts constituting a claim upon which relief can be granted.

This motion is made pursuant to Federal Rule of Civil Procedure, Rule 12(b)(6), and is based upon this notice, the attached memorandum of points and authorities, any and all pleadings and documents on file herein, and upon such further oral and/or documentary evidence as may be presented at or before the hearing on this matter.

DATED:  May 8, 2023                              MONROY, AVERBUCK & GYSLER


                                                                    *Jennifer E. Gysler*_____.
                                                                    JON F. MONROY
                                                                    JENNIFER E. GYSLER
                                                                    Attorneys for County Defendants

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION ............................................................................... 1

POINTS AND AUTHORITIES ................................................................. 6

1. FACTUAL BACKGROUND .............................................................. 6

2. DEFENDANTS MAY MOVE TO DISMISS PLAINTIFF'S COMPLAINT IN THIS CASE .............................................................. 7

3. PLAINTIFF'S COMPLAINT LACKS PLAUSIBILITY ..................... 7

4. PLAINTIFF RELIES ON FEDERAL STATUTES THAT DO NOT PROVIDE A BASIS FOR CIVIL LIABILITY ........................... 10

5. PLAINTIFF'S STATE COMMON LAW CLAIMS FOR FRAUD AND DECEIT AND ABUSE OF PROCESS ARE PRECLUDED BY HIS FAILURE TO FILE A GOVERNMENT TORT CLAIM ................................................................................... 10

    A. FAILURE TO PRESENT A TORT CLAIM ............................. 12

6. CONCLUSION .................................................................................. 13

# TABLE OF AUTHORITIES

**Statutes**     **Page**

-18 USC §241     10

-18 USC §242     10

-Federal Rules of Civil Procedure, Rule 8(a)     6,8

-Federal Rules of Civil Procedure, Rule 12(b)(6)     7,8

-Calif. Government Code, Section 911.2     11

-Calif. Government Code, Section 945.4     6,10

-Calif. Government Code, Section 950.2     11


**Decisional Authority**

-Agnew v. City of Compton, 239 F.2d 226 (1956) cert denied 353 US 959, (1957) overruled on other grounds     10

-Aldabe v. Aldabe (9th Cir. 1980) 616 F.2d 1089     10

-Alliance Financial v. City and County of San Francisco (1998) 64 Cal.App.4th 635     11

-Ashcroft v. Iqbal, 566 U.S. 662, 129 S.Ct. 1937, 1949 (2009)     6-9

-Baines Pickwick Ltd. v City of Los Angeles (1999) 72 Cal.App.4th 298     11

-Bell Atlantic Corporation v. Twombly 550 U.S. 544, 555 (2007)     7,8

-Cohen v. Norris, (1962) 300 F.2d 24     10

-Fowler v. Howell 42 Cal.App.4th 1746     12

*-John R. v. Oakland Unified School Dist. (1989)*
  *48 Cal.3d 438* — *12*

*-Pacific Telegraph & Telephone Co. v. County of Riverside*
  *(1980) 106 Cal.App.3d 183* — *11*

*-Perez v. Van Gronigan Sons Inc. (1986) 41 Cal.3d 962* — *12*

*-San Leandro Police Officers Assoc. v. City of San Leandro*
  *(1976) 55 Cal.App.3d 553* — *11*

# MEMORANDUM OF POINTS AND AUTHORITIES

## 1. FACTUAL BACKGROUND.

This is an action for damages filed by plaintiff WILLIE JAY SMITH BEY III, against the County of Los Angeles and its employees, related to an underlying judgment for child support filed against Mr. SMITH.

Mr. SMITH's Complaint alleges five causes of action as follows: (1) Conspiracy Against Rights 18 USC §241, (2) Deprivation of Rights 18 USC §242, (3) False or misleading representations 15 USC §1692e, (4) Torts (fraud and deceit), and (5) Torts (abuse of process). He seeks punitive damages for lost securities of $1 million. He wants "relief" in "ten ounce Gold Eagle / Silver coins or Crypto Currency / Bit Coin. He also seeks to "enjoin" the defendants from engaging in a conspiracy.

Plaintiff's Complaint is defective. Plaintiff fails to allege the facts necessary to support a claim. "Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."" *Ashcroft v. Iqbal* (2009) 556 U.S. 662, 663. Further, plaintiff relies on statutes which do not provide a basis for civil liability (18 USC §241, 18 USC §242). Lastly, plaintiff asserts two state tort claims, fraud/deceit and abuse of process. However, he has not filed a Government Tort Claim as required by California Government Code §945.4.

County Defendants seek relief as set forth below.

## 2. DEFENDANTS MAY MOVE TO DISMISS PLAINTIFF'S COMPLAINT IN THIS CASE.

Pursuant to Federal Rules of Civil Procedure, Rule 12(b), County Defendants, may and do hereby Move to Dismiss the Complaint of Plaintiff. Said Rule provides in pertinent part: "Every defense, in law or in fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may, at the option of the pleader, be made by motion…(6) failure to state a claim upon which relief can be granted."

County Defendants move to dismiss on the above stated grounds.

## 3. PLAINTIFF'S COMPLAINT LACKS PLAUSIBILITY.

Plaintiff's allegations fail the general pleading requirements of FRCP Rule 8(a). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations,…a plaintiff's obligations to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corporation v. Twombly 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to

'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 566 U.S. 662, 129 S.Ct. 1937, 1949 (2009).

Additionally, under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." "[D]etailed factual allegations" are not required, *Twombly,* 550 U.S., at 555, 127 S.Ct. 1955, but the Rule does call for sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face," *id.,* at 570, 127 S.Ct. 1955. A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.,* at 556, 127 S.Ct. 1955. Two working principles underlie *Twombly*. First, the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements. *Id.,* at 555, 127 S.Ct. 1955. Second, determining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense. *Id.,* at 556, 127 S.Ct. 1955. A court considering a motion to dismiss may begin by identifying allegations that, because they are mere conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the complaint's framework, they must be supported by factual allegations. When there are well- pleaded factual allegations, a court should assume their veracity and then

determine whether they plausibly give rise to an entitlement to relief. *Ashcroft v. Iqbal* (2009) 556 U.S. 662, 663-64

Here plaintiff includes a lot of references to legal citations and state and federal statutes, but does not include any factual allegations. On page five of the complaint plaintiff alleges that "Defendant has subjected the Movant under Conspiracy, Duress, Coercion without Due Process against Movant will and Consent to: (1) High-Volume Automated Administrative Systems, (2) Proactive Matching, Federal Parent Locator Service, (3) State Parent Locator Service, (4) National Directory of New Hires, (5) State Directory of New Hires, (6) New Hire Reporting, (7) Multistate Financial Institution Data Match and (8) the Uniform Interstate Family Support Act. [Complaint, p.5:18-26]. He also alleges his securities have been "levied" and his license suspended. [Complaint, p.7:4-6].

Plaintiff cites the Fair Debt Collection Practices Act, 15 USC §1692e, but does not reference any specific conduct which is prohibited and does not provide any factual information to support this contention.

Plaintiff's legal conclusions are not sufficient to support a complaint. The complaint itself does not provide defendants with an indication of why they are being sued and what conduct specifically is at issue here. This is violative of FRCP Rule 8 and does not meet the basic pleadings requirements.

**4. PLAINTIFF RELIES ON FEDERAL STATUTES THAT DO NOT PROVIDE A BASIS FOR CIVIL LIABILITY**

Two federal statutes relied upon by plaintiff to support his causes of action do not provide a private right of action.

Plaintiff relies on 18 USC §241 and 18 USC §242 to support his claims of Conspiracy Against Rights and Deprivation of Rights. The Ninth Circuit has already found that these statutes cannot be the basis for civil liability: "Appellant also claimed relief under 18 U.S.C. § 241 and 242. These criminal provisions, however, provide no basis for civil liability. *Agnew v. City of Compton,* 239 F.2d 226, 230 (CA9 1956), *cert. denied* 353 U.S. 959, 77 S.Ct. 868, 1 L.Ed.2d 910 (1957), *overruled on other grounds, Cohen v. Norris,* 300 F.2d 24, 29-30 (CA9 1962). *Aldabe v. Aldabe* (9th Cir. 1980) 616 F.2d 1089, 1092.

**5. PLAINTIFF'S STATE COMMON LAW CLAIMS FOR FRAUD AND DECEIT AND ABUSE OF PROCESS ARE PRECLUDED BY HIS FAILURE TO FILE A GOVERNMENT TORT CLAIM.**

California Government claims requirements provide that "no suit for money or damages may be brought against a public entity on a cause of action for which a claim is required to be presented…until a written claim therefor has been presented to the public entity" and has been rejected in whole or in part. Calif. Government Code, Section 945.4. Presentation of a claim, when required by law, is a mandatory prerequisite to maintaining a cause of action against a public entity and

failure to file a claim is fatal to the claimant's cause of action. Pacific Telegraph & Telephone Co. v. County of Riverside (1980) 106 Cal.App.3d 183, 188, 165 Cal. Rptr. 29, 31; San Leandro Police Officers Assoc. v. City of San Leandro (1976) 55 Cal.App.3d 553, 127 Cal. Rptr. 856.

Calif. Government Code, Section 911.2(a) mandates: "A claim relating to a cause of action for death or for injury to person or to personal property or growing crops shall be presented...not later than six months after the accrual of the cause of action. A claim relating to any other cause of action shall be presented...not later than one year after the accrual of the cause of action." Calif. Government Code, Section 911.2(a).   It appears that plaintiff's complaint is one for injury to person which requires a claim to be presented within six months of the incident.

"[U]nless specifically excepted, any action for money or damages, whether sounding in tort, contract or some other theory, may not be maintained until a claim has been filed with the relevant public entity and either the public entity acts on it or it is deemed to have been denied by operation of law." Alliance Financial v. City and County of San Francisco (1998) 64 Cal.App.4th 635, 638.  See also, Baines Pickwick Ltd. v. City of Los Angeles (1999) 72 Cal.App.4th 298, 307.

The Government Tort Claims Act, under Section 950.2, requires that a Government Tort Claim must also be filed against a public employee as a prerequisite to suit.  'Section 950.2 provides that "a cause of action against a public

employee . . . for injury resulting from an act or omission in the scope of his employment as a public employee is barred" unless a timely claim has been filed against the employing public entity. (See § 911.2.) An employee acts within "the scope of his employment" when he is engaged in work he was employed to perform or when an act is incident to his duty and was performed for the benefit of his employer and not to serve his own purpose. ( *Mazzola* v. *Feinstein* (1984) 154 Cal.App.3d 305, 311 [ 201 Cal.Rptr. 148].) "[T]he proper inquiry is not `"whether the wrongful act itself was authorized but whether it was committed in the course of a series of acts of the [employee] which were authorized by the [employer.]"'" ( *Perez* v. *Van Groningen Sons, Inc.* (1986) 41 Cal.3d 962, 970 [ 227 Cal.Rptr. 106, 719 P.2d 676].) We view "scope of employment" broadly to include willful and malicious torts as well as negligence. ( *John R.* v. *Oakland Unified School Dist.* (1989) 48 Cal.3d 438, 447 [ 256 Cal.Rptr. 766, 769 P.2d 948].) That an employee is not "`engaged in the ultimate object of his employment'" at the time of his wrongful act does not necessarily mean the employee acted outside the scope of his employment. ( *Ibid.*)" <u>Fowler v. Howell,</u> 42 Cal.App.4th 1746, 1750-51 (Cal. Ct. App. 1996)

### A. FAILURE TO PRESENT A TORT CLAIM.

Plaintiff does not allege he complied with the Government Tort Claims Act presentation requirements in his complaint. Therefore, there is no question but that

he did not comply, a defect which cannot be cured by allowing amendment. Therefore, the portion of his complaint that is based on "fraud and deceit" and "abuse of process", should be dismissed with prejudice.

## 6. CONCLUSION.

Based on the foregoing, this Motion to Dismiss should be sustained.

DATED: May 8, 2023                MONROY, AVERBUCK & GYSLER


*Jennifer E. Gysler*
JON F. MONROY
JENNIFER E. GYSLER
Attorneys for County Defendants

# PROOF OF SERVICE
## STATE OF CALIFORNIA – COUNTY OF LOS ANGELES CCP 1013(A)

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action; my business address is 200 N Westlake Blvd., Ste 204, Westlake Village, CA 91362.

On May 8, 2023, I caused to be served the foregoing document described as MOTION TO DISMISS, POINTS & AUTHORITIES; PROPOSED ORDER

Served on the interested parties in this action:

[ ] **By telecopier:** By transmitting an accurate copy via telecopy to the person and telephone number as follows:

    [X] By placing [ ] the original [X] a true copy thereof enclosed in sealed envelopes addressed as follows:

Willie Jay Smith Bey III
2722 South Hobart Blvd
Los Angeles, CA 90018
Plaintiff pro se

Kurt A. Kappes
Michael D. Lane
Greenberg Taurig
400 Capitol Mall, Ste 2400
Sacramento, CA 95814-3938
Attorneys for Def. ETrade Securities LLC

[X ] **BY EMAIL TO THE ABOVE ADDRESSEES**
[ ] **BY OVERNIGHT EXPRESS MAIL, PRE-PAID FOR DELIVERY THE NEXT BUSINESS DAY**
[X]   I deposited such envelope in the mail at Westlake Village, California. The envelope was mailed with postage thereon fully prepaid.
[ ]   As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under the practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Westlake Village, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.
[ ]   **BY PERSONAL SERVICE:** I caused such envelope to be delivered by hand to the addressee or offices of addressee.
[X ]   **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.
[ ]   **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

**Executed on** May 8, 2023**, at Westlake Village, California.**

Jennifer Gysler _____*Jennifer E. Gysler*_____