UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| No. | 2:23-cv-02600-ODW (PDx) | Date | July 19, 2023 |
|---|---|---|---|
| Title | *Willie-Jay:Smith-Bey III © v. Shanelle Hamlin et al.* | | |

| Present: The Honorable | Otis D. Wright, II, United States District Judge | |
|---|---|---|
| Sheila English | Not reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Not present | Not present | |

**Proceedings (In Chambers):** **Order DISMISSING Jacques C. Adrien WITHOUT PREJUDICE; Order DISMISSING Complaint for Lack of Subject Matter Jurisdiction WITH LEAVE TO AMEND and DENYING Pending Motions AS MOOT [37] [39]**

I.

On June 6, 2023, the Court ordered Plaintiff, pursuant to Federal Rule of Civil Procedure ("Rule") 4(m), to serve Jacques Adrien with the summons and Complaint and file a proof of service, or show cause why more time is needed to do so, by no later than July 6, 2023. (Min. Order, ECF No. 36.) The Court cautioned that failure to do so would result in dismissal of Adrien without prejudice. (*Id.*)

As of today's date, the Court has not received any additional filing addressing service of Adrien. Accordingly, the Court **DISMISSES** Adrien **WITHOUT PREJUDICE**.

II.

Federal courts have subject matter jurisdiction only as authorized by the Constitution and Congress, U.S. Const. art. III, § 2, cl. 1; *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), and have an independent obligation to determine whether subject matter jurisdiction exists, even when no party challenges it, *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). Federal district courts have original jurisdiction where an action arises under federal law, or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| No. | 2:23-cv-02600-ODW (PDx) | Date | July 19, 2023 |
|---|---|---|---|
| Title | *Willie-Jay:Smith-Bey III © v. Shanelle Hamlin et al.* | | |

in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332(a). Herein, the Court raises the issue of subject matter jurisdiction sua sponte. The Court finds that neither diversity nor a federal question provides the Court with subject matter jurisdiction and dismisses the Complaint with leave to amend.

First, diversity jurisdiction does not exist. The diversity jurisdiction statute, 28 U.S.C. § 1332, contemplates four scenarios in which diversity jurisdiction exists. In the first and third scenarios, the plaintiff must be a citizen of a State of the United States. 28 U.S.C. 1332(a)(1), (3). Inherent in this requirement is that the plaintiff is also a citizen of the United States. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1091 (1983). In the second, the plaintiff must be either a citizen of a State of the United States or a "citizen[] or subject[] of a foreign state." 28 U.S.C. 1332(a)(2). (The fourth scenario involves a foreign state as a plaintiff and could not possibly apply.) Here, Plaintiff clearly alleges that he is a "Sovereign Being," (Compl. ¶ 1), and does not otherwise allege that he is a citizen or subject of any foreign state. By affirmatively alleging that he is a "Sovereign Being," Plaintiff indicates that (1) he is not a citizen of the United States, meaning the first and third scenarios for diversity do not exist, and (2) he is not a citizen or a subject of a foreign state, meaning that the second scenario for diversity does not exist. Thus, Plaintiff has pled himself out of the possibility of diversity jurisdiction. *Bey ex rel. McGill v. Do*, No. 3:23-cv-00123-SB, 2023 WL 2187488, at *2 (D. Or. Feb. 23, 2023) (finding no diversity of citizenship where plaintiff alleged herself to be a sovereign citizen); *cf. Bendeck v. Workman*, No. 17-00180 JMS-RLP, 2017 WL 1758079, at *4 (D. Haw. May 4, 2017) (rejecting plaintiff's sovereign citizen theory and finding plaintiff to be a citizen of Hawaii for purposes of diversity jurisdiction analysis); *Bey v. Geiser*, No. 5:19-cv-00844-JGB (KKx), 2019 WL 12447340, at *1 (C.D. Cal. May 21, 2019) (employing same approach).

Similarly, federal question jurisdiction is lacking because to the extent Plaintiff pleads any claims, the claims are wholly without merit, such that the Complaint fails to present a substantial federal question. "[F]ederal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'" *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *Nietzke v. Williams*, 490 U.S. 319, 327 n.6 (1989). In other words, courts lack subject matter jurisdiction to consider claims that are "so insubstantial, implausible, foreclosed by prior decisions . . . , or otherwise completely devoid of merit as not to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| No. | 2:23-cv-02600-ODW (PDx) | Date | July 19, 2023 |
|---|---|---|---|
| Title | *Willie-Jay:Smith-Bey III © v. Shanelle Hamlin et al.* | | |

involve a federal controversy." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998); *Patel v. Patel*, 473 F. App'x 589, 590 (9th Cir. 2012).

Here, there are two related bases for the Court's finding that Plaintiff's claims are "so attenuated and unsubstantial" such that they fail to present a federal question. *Hagans*, 415 U.S. at 536. First, federal courts have repeatedly found that complaints that proffer sovereign citizen theories are by their nature "frivolous" and therefore subject to dismissal. *Hunt v. Oregon*, No. 2:22-cv-00273-CL, 2022 WL 17340408, at *3 (D. Or. Nov. 30, 2022) ("Claims based on sovereign citizen arguments and ideology have been universally rejected as frivolous and will remain rejected here."); *see also Bendeck*, 2017 WL 2726692, at *5 (noting that courts "across the United States have flatly rejected 'sovereign citizen' and similar theories as frivolous, irrational, and unintelligible" (cleaned up)).

Second, and aside from Plaintiff's sovereign citizen theories, the allegations themselves are "insubstantial" and "devoid of merit as not to involve a federal controversy." *Steel Co.*, 523 U.S. at 89. The vast majority of Plaintiff's Complaint consists of boilerplate language and legal exposition and argument; these allegations add nothing to the merit of the Complaint. To the extent Plaintiff does refer to any case-specific facts, the references are indirect, devoid of details, and in some cases inscrutable. (*See, e.g.*, Compl. 4:25–28 ("After the Duty to Respond to Requests for the contractual agreement under **(UCC 9-210)** September 14, 2021 was not met, under Obligation of Good Faith **(UCC 1-203, 2-103(a)(b))** an affidavit of Default was send on October 28, 2021 and any and all contractual agreement because Null and Void thereafter.").) Other factual allegations suggest that Plaintiff is challenging a state court judgment and a resulting levy on his E*Trade account. (Compl. 4:25–36.) Such a challenge is categorically barred by the *Rooker-Feldman* doctrine. *See Geiser*, 2019 WL 12447340, at *2 (noting *Rooker-Feldman* bar in similar sovereign citizen complaint).

## Conclusion

For these reasons, the Court lacks subject matter jurisdiction over the action. The Court **DISMISSES** the Complaint and **GRANTS** Plaintiff **LEAVE TO AMEND** to address the jurisdictional deficiencies discussed herein. *Geiser*, 2019 WL 12447340, at *2 (leave to amend); *Bendeck*, 2017 WL 1758079, at *5 (same). Plaintiff shall amend the Complaint by no later than

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| No. | 2:23-cv-02600-ODW (PDx) | Date | July 19, 2023 |
|---|---|---|---|
| Title | *Willie-Jay:Smith-Bey III © v. Shanelle Hamlin et al.* | | |

**August 21, 2023**. Should Plaintiff fail to file an amended Complaint by the provided deadline, the matter will be dismissed with prejudice.

As a result of this disposition, the Complaint is no longer operative, and County Defendants' Motion to Dismiss the Complaint is **DENIED AS MOOT**. (ECF No. 37.)

Moreover, given that the Court's current finding is that it lacks subject matter jurisdiction over this case, the Court correspondingly lacks jurisdiction to compel the matter to arbitration. Accordingly, E*Trade's Motion to Compel Arbitration is **DENIED**. (ECF No. 39.) This denial is **WITHOUT PREJUDICE** to renewing the Motion to Compel Arbitration, should Plaintiff file a First Amended Complaint over which this Court has subject matter jurisdiction.

**IT IS SO ORDERED.**

|  | : | 00 |
|---|---|---|
| Initials of Preparer | SE | |