O
JS-6

# United States District Court
# Central District of California

| | |
|---|---|
| WILLIE-JAY:SMITH-BEY III ©,<br><br>                    Plaintiff,<br><br>        v.<br><br>SHANELLE HAMLIN CSS II et al.,<br><br>                    Defendants. | Case № 2:23-cv-02600-ODW (PDx)<br><br>**ORDER DISMISSING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION; DENYING MOTION TO COMPEL ARBITRATION [56]** |

## I.    INTRODUCTION

For a second time, the Court considers the issue of subject matter jurisdiction. After providing Plaintiff Willie-Jay:Smith-Bey III © with an opportunity to amend his initial Complaint, the Court again finds that neither diversity nor a federal question provides the Court with subject matter jurisdiction. Therefore, the Court **DISMISSES** this action.

## II.    BACKGROUND

On November 28, 2022, Plaintiff initiated this action. (Compl., ECF No. 1.) On July 19, 2023, the Court dismissed Plaintiff's Complaint for lack of subject matter jurisdiction and granted Plaintiff leave to file an amended complaint. (Order Dismissing Compl., ECF No. 45.) On August 11, 2023, Plaintiff filed the Amended Complaint. (Am. Compl., ECF No. 53.)

### III. LEGAL STANDARD

Federal courts have subject matter jurisdiction only as authorized by the Constitution and Congress, U.S. Const. art. III, § 2, cl. 1; *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), and have an independent obligation to determine whether subject matter jurisdiction exists, even when no party challenges it, *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). Federal district courts have original jurisdiction where an action arises under federal law, or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332(a).

### IV. DISCUSSION

The Court finds that neither diversity nor a federal question provides the Court with subject matter jurisdiction.

**A.    Diversity Jurisdiction**

The diversity jurisdiction statute, 28 U.S.C. § 1332, contemplates four scenarios in which diversity jurisdiction exists. In the first and third scenarios, the plaintiff must be a citizen of a State of the United States. 28 U.S.C. § 1332(a)(1); § 1332(a)(3). Inherent in this requirement is that the plaintiff is also a citizen of the United States. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090–91 (9th Cir. 1983). In the second scenario, the plaintiff must be either a citizen of a State of the United States or a "citizen[] or subject[] of a foreign state." 28 U.S.C. § 1332(a)(2). The fourth scenario involves a foreign state as a plaintiff and could not possibly apply here.

In his Amended Complaint, Plaintiff alleges that he is a "Sovereign Being" and does not otherwise allege that he is a citizen or subject of any foreign state. (Am. Compl. ¶ 1.) By affirmatively alleging that he is a "Sovereign Being," Plaintiff indicates that (1) he is not a citizen of the United States, meaning the first and third scenarios for diversity do not exist, and (2) he is not a citizen or a subject of a foreign state, meaning that the second scenario for diversity does not exist. Thus, Plaintiff has pled himself out of the possibility of diversity jurisdiction. *Bey ex rel. McGill v. Do*,

No. 3:23-cv-00123-SB, 2023 WL 2187488, at *2–3 (D. Or. Feb. 23, 2023) (finding no diversity of citizenship where plaintiff alleged "a 'sovereign citizen' theory"); *cf. Bendeck v. Workman*, No. 17-00180 JMS-RLP, 2017 WL 1758079, at *4 (D. Haw. May 4, 2017) (rejecting plaintiff's sovereign citizen theory and finding plaintiff to be a citizen of Hawaii for purposes of diversity jurisdiction analysis).

### B. Federal Question Jurisdiction

For a district court to have federal question jurisdiction, the plaintiff's claims must arise under federal law. 28 U.S.C. § 1331. However, "federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'" *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *Nietzke v. Williams*, 490 U.S. 319, 327 n.6 (1989). In other words, courts lack subject matter jurisdiction to consider claims that are "so insubstantial, implausible, foreclosed by prior decisions . . . , or otherwise completely devoid of merit as not to involve a federal controversy." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998); *see also Patel v. Patel*, 473 F. App'x 589, 590 (9th Cir. 2012) (quoting same language).

Here, federal question jurisdiction is lacking because Plaintiff's claims are wholly without merit, such that the Amended Complaint fails to present a substantial federal question. There are two related bases for the Court's finding that Plaintiff's claims are "so attenuated and unsubstantial" such that they fail to present a federal question. *Hagans*, 415 U.S. at 536. First, federal courts have repeatedly found that complaints that proffer sovereign citizen theories are by their nature "frivolous" and therefore subject to dismissal. *Hunt v. Oregon*, No. 2:22-cv-00273-CL, 2022 WL 17340408, at *3 (D. Or. Nov. 30, 2022) ("Claims based on sovereign citizen arguments and ideology have been universally rejected as frivolous and will remain rejected here."); *see also Bendeck*, 2017 WL 2726692, at *5 (noting that courts

1 "across the country have flatly rejected 'sovereign citizen' and similar theories as
2 'frivolous, irrational, [and] unintelligible'" (alteration in original)).

3     Second, and aside from Plaintiff's sovereign citizen theories, the allegations
4 themselves are "insubstantial" and "devoid of merit as not to involve a federal
5 controversy." *Steel Co.*, 523 U.S. at 89. The vast majority of Plaintiff's Amended
6 Complaint consists of boilerplate language, statutes quoted in an unclear manner, and
7 legal exposition and argument. These allegations add nothing to the merit of the
8 Plaintiff's claims. To the extent Plaintiff does refer to any case-specific facts, the
9 references are indirect, devoid of details, and in some cases inscrutable. (*See, e.g.*,
10 Am. Compl. 8:1–8 ("Defendants claim to any contractual agreement became null and
11 void upon failure to comply with Duty to Respond to Request. Defendants are liable
12 for the failure to comply in accordance with Stare Decisis, Res Judicata, UCC's, the
13 Truth in Lending Act and California Civil Procedure § 720.230 (a)(b); § 720.240.").)

14     Other factual allegations suggest that Plaintiff is challenging a state court
15 judgment and a resulting levy on his E*Trade account. (Am. Compl. 5:17–26; 8:16–
16 23.) Such a challenge is barred by the *Rooker-Feldman* doctrine. *See Geiser*,
17 2019 WL 12447340, at *2 (noting the *Rooker-Feldman* jurisdictional bar in a similar
18 sovereign citizen complaint).

## V. CONCLUSION

For these reasons, the Court **DISMISSES** this action for lack of subject matter jurisdiction.

Given that the Court lacks subject matter jurisdiction, the Court correspondingly lacks jurisdiction to compel the matter to arbitration. As a result, Defendant E*Trade Securities LLC's Motion to Compel Arbitration and Dismiss is **DENIED**. (ECF. No. 56.)

The Clerk of the Court shall close this case.

**IT IS SO ORDERED.**

August 28, 2023

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**